# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

RICHARD BRIGGS
and TRAVIS ALLEN,

                    **Plaintiffs,**

-vs-                                               Case No. 6:11-cv-978-Orl-22GJK

ACTION CENTER MOVING & STORAGE
Co., and GUY F. YANDOW,

                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**     **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 22)**
>
> **FILED:**     **December 15, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED in part and DENIED in part.**

## I. BACKGROUND.

On July 13, 2011, Richard Briggs ("Briggs") and Travis Allen ("Allen") (collectively, the "Plaintiffs") filed an amended complaint (the "Complaint") against Action Center Moving & Storage Co. ("Action Center") and Guy F. Yandow ("Yandow") (collectively, the "Defendants") alleging violations of the overtime provisions of the Fair Labor Standards Act (the "FLSA"). Doc. No. 6. On September 9, 2011, Plaintiffs properly served Yandow, in his individual

capacity, with a copy of the summons and Amended Complaint. Doc. No. 10. On November 21, 2011, Plaintiffs properly served Action Center. Doc. No. 17. The Defendants failed to respond to the Complaint and the Clerk has entered default against them. Doc. Nos. 12, 21.

On December 15, 2011, Plaintiffs filed a Motion for Entry of Final Default Judgment (the "Motion"). Doc. No. 22. The Motion seeks a judgment against Defendants for a total amount of $16,913.50, representing $10,080.00 to Briggs for unpaid overtime wages and liquidated damages, $5,040.00 to Allen for unpaid overtime wages and liquidated damages, and $1,793.50 to Plaintiffs' counsel for attorneys' fees and costs. Doc. No. 22 at 5.

Briggs and Allen provide affidavits in support of the amount of damages claimed. Doc. No. 22-1 at 1-4. Briggs avers that he is owed a total of $10,080.00, calculated as $5,040.00 in unpaid overtime wages ($6.00 per hour x 840 overtime hours), plus an equal amount of liquidated damages. Doc. No. 22-1 at 1-2.[1] Allen avers that he is owed a total of $5,040.00, calculated as $2,520.00 in unpaid overtime wages ($4.50 per hour x 560 overtime hours), plus an equal amount of liquidated damages. Doc. No. 22-1 at 3-4.[2]

## II. STANDARD OF REVIEW.

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 206 (5th Cir. 1975).[3] A default judgment may be entered only if the factual allegations of the complaint provide a

---

[1] Briggs states that his pay rate was $12.00 per hour and, from June 2009 through March 1, 2011, he worked 10 hours of overtime per week for 84 weeks. Doc. No. 22-1 at 1-2. Thus, Briggs claims that he was paid only straight time wages for the 840 hours of overtime worked. *Id*.

[2] Allen states that his pay rate was $9.00 per hour and, from July 2009 through March 2011, he worked 7 hours of overtime per week for 80 weeks. Doc. No. 22-1 at 3-4. Thus, Allen claims that he was paid only straight time wages for the 560 hours of overtime worked. *Id*.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

sufficient legal basis for entry of a default judgment. *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, a court must examine the sufficiency of the allegations in the complaint to determine whether a default judgment is warranted. *Kwasnik v. Charlee Family Care Services of Central Florida*, Case No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 at *3 (M.D. Fla. Jun. 9, 2009) (citing *Fid. & Deposit Co. v. Williams*, 699 F.Supp. 897, 899 (N.D. Ga. 1988)).

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Fed.R.Civ.P. 55(b). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

### III. APPLICATION.

#### A. Coverage.

In *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, Doc. No. 32, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009), the Honorable District Court Judge Anne C. Conway, stated:

> [T]o establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.

*Id.* (citing 29 U.S.C. § 207(a)(1)). Thus, "[t]o establish jurisdiction for an overtime violation under the FLSA, an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).'" *De Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)). In this case, accepting the facts alleged in the Complaint, it is recommended that the Court find Plaintiffs adequately alleged facts showing both individual and enterprise coverage under the FLSA. *See* Doc. No. 6 at 2-3.

#### B. Wages.

Pursuant to 29 U.S.C. § 207(a)(1), Plaintiffs were entitled to be paid one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours during a work

week. *Id.*[4] As set forth above, Plaintiffs claim that they were only paid straight time, rather than time-and-a-half. Doc. No. 22-1 at 1-4. By their affidavits have established that their unpaid overtime damages, including liquidated damages, are $10,080.00 for Briggs and $5,040.00 for Allen. *Id.*

### C. Attorneys' Fees.

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "<u>in addition to</u> any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). In the Motion, counsel for Plaintiffs requests and award of $1,793.50 in attorneys' fees and costs. Doc. No. 22 at 5. In support of the request, counsel attaches an affidavit, a detailed time sheet, and receipts for service of process fees. Doc. No. 22-2 at 1-2; 22-3; 22-4.

Plaintiffs' counsel, L. Todd Budgen, Esq. requests an hourly rate of $275.00 for himself and $95.00 for his paralegal, Becki Rodak. Doc. No. 22-2 at 2. Mr. Budgen and Ms. Rodak have previously been awarded the requested hourly rates in similar FLSA cases within the Orlando Division of the Middle District of Florida. *See Perez v. Sandford-Orlando Kennel Club, Inc.*, No. 6:05-cv-269-Orl-28KRS (M.D. Fla. Aug. 14, 2009) (awarding Budgen $275.00 per hour); *Coes v. World Wide Revival, Inc., et al.*, Case No. 6:05-cv-563-Orl-DAB, Doc. No. 73 (M.D. Fla. Nov. 7, 2007) (awarding Rodak $95.00 per hour). According, the undersigned finds

---

[4] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

that the hourly rates requested are reasonable. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (Court is itself an expert in prevailing market rates). After reviewing the time sheet, the Court finds that the amount of time spent on the case is reasonable. Accordingly, it is recommended the Court award Plaintiff's $1,323.50 in attorneys' fees.

### D. Costs.

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. In the Motion, Plaintiffs request $470.00 in costs, representing $350.00 in filing fees and $150.00 in service of process costs, which actually totals $500.00. Doc. No. 22-2 at 2. However, $470 in costs plus $1,323.50 in attorneys' fees does equal Plaintiffs' total request for $1,793.50. The Court also notes that $90.00 in service of process fees were incurred because Plaintiffs did not properly serve Action Center. *See* Doc. Nos. 7-8, 11-12, 15, 22-4 at 1-5. Defendants should not bear the costs of Plaintiffs failure to properly serve them. Accordingly, it is recommended that the Court reduce the amount of costs requested by $90.00 for a total of $380 in costs.

### IV. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that:

1. Plaintiffs' Motion (Doc. No. 22) be **GRANTED in part and DENIED in part**;
2. The Court enter judgment for Plaintiffs and against the Defendants in the following respects:
    a. Briggs:

     i. $10,080.0 in unpaid overtime and liquidated damages;

  b. Allen:

     i. $5,040.00 in unpaid overtime and liquidated damages;

  c. $1,703.50 in attorneys' fees ($1,323.50) and costs ($380.00); and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If Plaintiffs have no objection to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on December 28, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Presiding District Judge
Counsel of Record
Unrepresented Party