**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RICHARD BRIGGS,
TRAVIS ALLEN

        Plaintiffs,

-vs-               Case No. 6:11-cv-978-Orl-22GJK

ACTION CENTER MOVING & STORAGE
CO., GUY F. YANDOW,

        Defendants,

THE HOUSING AUTHORITY OF THE CITY
OF ORLANDO,

        Garnishee,
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF FINAL JUDGMENT OF GARNISHMENT AS TO ORLANDO HOUSING AUTHORITY** (Doc. No. 41) |
| **FILED:** | December 18, 2012 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I. BACKGROUND.**

  On January 6, 2012, a default judgment was entered in favor of Richard Briggs and Travis Allen (the "Plaintiffs") and against Action Center Moving & Storage Co. and Guy F.

Yandow (the "Defendants"), jointly and severally, in the amount of $16,823.50.  Doc. No. 27.  On July 2, 2012, Plaintiffs filed a motion for writ of garnishment directed to The Housing Authority of the City of Orlando (the "Garnishee"), stating that with accrued post-judgment interest the amount now due on the judgment is $17,336.85.  Doc. No. 31 at 1.  On August 7, 2012, pursuant to Local Rule 6.01(c)(19), the undersigned issued a writ of garnishment directed to the Garnishee.  Doc. Nos. 32 at 1-2; 33.  On September 13, 2012, Garnishee filed an Answer to Writ of Garnishment (the "Answer").  Doc. No. 35.

In the Answer, Garnishee states that it is indebted to Action Center Moving & Storage Co., but not to Guy F. Yandow, by reason of a final contractual payment, in the amount of $12,400.00.  Doc. No. 35 at 1.  The Certificate of Service indicates that the Answer and Statutory Notice was properly served on Action Center Moving & Storage Co. (hereinafter "the Judgment Debtor").  Doc. No. 37.  To date, the Judgment Debtor has not filed a reply to the Answer.

On December 18, 2012, pursuant to Rules 64 and 69, Federal Rules of Civil Procedure, as well as Section 77.083, Florida Statutes, Plaintiffs filed a Motion for Entry of Final Judgment of Garnishment as to the Garnishee (the "Motion") requesting that the Court enter a final judgment of garnishment in favor of Plaintiffs and against the Garnishee in the amount of $12,400.00.  Doc. No. 41 at 1-2.  On December 19, 2012, the Honorable Anne C. Conway, District Court Judge, referred the Motion to undersigned United States Magistrate Judge.

**II.   ANALYSIS.**

Pursuant to Local Rule 6.01(c)(19), the undersigned is authorized to "[c]onduct all proceedings in civil suits, before or after judgment, incident to the issuance of writs of replevin, garnishment, attachment or execution pursuant to state or federal law, and the conduct of all proceedings and the entry of all necessary orders in aid of execution pursuant to Rule 69,

Fed.R.Civ.P." Local Rule 6.01(c)(19) (emphasis added). In the Motion, Plaintiff requests judgment against the Garnishee. Doc. No. 41. Local Rule 6.01(c)(19) gives the magistrate judge the jurisdiction to conduct all proceedings "incident to the issuance" of writs of garnishment. However, the undersigned issued the writ of garnishment at issue and the process of proceeding to judgment is distinct from proceedings incident to issuing a writ of garnishment.

Local Rule 6.01(c)(19) also grants the magistrate judge jurisdiction to conduct all proceedings and enter all necessary orders "in aid of execution" pursuant to Rule 69, Federal Rules of Civil Procedure. *Id.* Rule 69 simply provides that a money judgment is enforceable by a writ of execution in accordance with the procedure provided by the applicable state law. *Id.*[1] Local Rule 6.01(c)(19) does not appear to grant the magistrate judge the authority to enter judgment or conduct trials as to writs of garnishment. *See United States v. Johnson*, 2009 WL 10337733 at *2 (E.D. La. April 15, 2009) ("Several courts have specifically held that a magistrate judge lacks jurisdiction to determine with finality post-judgment matters such as . . . garnishment, particularly when all parties have not consented in writing.") (citing *Parks v. Collins*, 761 F.2d 1101, 1106-07 (5th Cir. 1985) (same); *United States v. Thompson*, 285 Fed.Appx. 522, 524 (10th Cir. June 17, 2008) (same); *United States v. Lawrence*, 538 F.Supp.2d 1188, 1191-92 (D. S.D. 2008) (same); *United States v. Birdshead*, 2008 WL 4912414 at *1 (W.D. Okla. 2008) (same)). Accordingly, the undersigned issues this Report and Recommendation.

Section 77.083, Florida Statutes, provides:

> Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the

---

[1] Although Rule 69 only refers to writs of execution, the rule "does not preclude the use of garnishment for enforcement of a judgment" in accordance with the garnishment procedure provided by the applicable state law. *See Grenada Bank v. Willey*, 694 F.2d 85, 87 (5th Cir. 1982).

3

> amount of [the garnishee's] liability as disclosed by the answer or trial. . . . No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.

*Id*. Thus, Section 77.083 provides that a judgment may be entered against a garnishee based upon its answer or, if a reply is filed, after a trial on the reply. *Id*. However, any judgment must not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant. *Id*.

In this case, Garnishee's Answer states that it is in possession of $12,400.00, which is owedto the Judgment Debtor and which is less than the judgment entered against the Defendants. Doc. Nos. 27, 35. The Judgment Debtor was served with the Answer and the Statutory Notice, but failed to file a reply or move to dissolve the writ of garnishment. Doc. No. 37. Thus, the Court accepts the Answer as true. *See First Colony Life Ins. Co. v. Sun State Capital Funding, Inc.*, 730 So.2d 735, 737-38 (Fla. 2d DCA 1999) (answer taken as true where no reply is filed under Section 77.082, Florida Statutes). In the Motion, Plaintiff requests that the Court enter judgment against the Garnishee for $12,400.00, and the Garnishee has not filed a response in the opposition. Doc. No. 41. Accordingly, the Motion is unopposed.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 41); and

2. Direct the Clerk to enter judgment in favor of Plaintiffs and against Garnishee in the amount of $12,400.00, pursuant to Section 77.083, Florida Statutes;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved

party from attacking the factual findings on appeal.  **If there is no objection to the Report and Recommendation, the parties and the Garnishee may file a joint notice of no objection**.

Recommended in Orlando, Florida on February 8, 2013.

Copies furnished to:
Counsel of Record
Unrepresented Party

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE